[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 6, 2007
THOMAS K. KAHN
CLERK

No. 07-12272
Non-Argument Calendar
_____

D. C. Docket No. 03-00058-CR-4-RH/WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYCE JONATHAN WASIELAK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

**(November 6, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Bryce Jonathan Wasielak appeals the district court's order imposing an

additional 18 months' supervised release as part of his sentence for violating his original term of supervised release.  After review, we affirm.

## I.  BACKGROUND

In 2004, Wasielak pled guilty to conspiring to possess and sell stolen vehicles, in violation of 18 U.S.C. §§ 371 and 2313, and was ordered to pay restitution in the amount of $82,890.39.  Wasielak was sentenced to 18 months' imprisonment and 3 years' supervised release.  Wasielak completed his term of imprisonment and began his supervised release in May 2006.

### A.    Events During Supervised Release

Under the conditions of his supervised release, Wasielak was prohibited from committing any federal, state, or local crimes; unlawfully possessing or using controlled substances; or  owning or possessing a firearm, dangerous weapon, or destructive device.   Wasielak also was required to notify the probation officer at least 10 days prior to changing his address and within 72 hours of being arrested or questioned by law enforcement officers.

On January 29, 2007, Wasielak was arrested in Fort Pierce, Florida by State Trooper Dennis Roberts, Jr. following a traffic stop during which officers found a bag of marijuana in Wasielak's car.  The next day, Wasielak was released on bond and disappeared.  On February 12, 2007, Wasielak's probation officer, Omar

Borges, learned through Wasielak's father that Wasielak had been arrested and released and that Wasielak had "taken off." On February 20, 2007, Wasielak called probation officer Borges from Fort Lauderdale and said that he had "goofed up" and wanted to turn himself in. Borges told Wasielak that a warrant for his arrest had not yet been issued and to hold off.

On March 4, 2007, a St. Lucie County deputy sheriff, Russell Tucker, responded to a possible suicide attempt at Wasielak's home in Fort Pierce. Upon arriving, Tucker could see Wasielak through the living room window pacing back and forth with a large knife in one hand and another knife in his pocket. Wasielak's mother advised Tucker that Wasielak had taken a handful of Oxycontin pills and that she believed Wasielak needed medical attention. Deputies entered the home, and Wasielak refused to drop the knives. Attempts to subdue Wasielak were unsuccessful, but he finally was apprehended after he passed out.

## B. Petition for Revocation

By February 28, 2007, probation officer Borges had filed a petition recommending that Wasielak's supervised release be revoked because Wasielak had failed to comply with the conditions of supervised release by: (1) failing to refrain from violation of the law, as he was arrested and charged with drug offenses in January 2007; (2) unlawfully possessing or using a controlled

3

substance in relation to the January 2007 drug offenses; (3) failing to notify his probation officer of a change in residence; and (4) failing to notify his probation officer within 72 hours of his January 2007 arrest. In an amended petition filed in April 2007, the probation officer added that Wasielak had committed a fifth violation by possessing a dangerous weapon when he used a large folding knife and a large hunting knife in an aggressive and threatening manner towards law enforcement officers during the March 2007 incident.

At the revocation hearing, the district court heard testimony from Borges, State Trooper Roberts and Deputy Sheriff Tucker. In addition to the facts already discussed, Borges also testified that Wasielak had difficulty maintaining jobs and that Borges did not think that Wasielak took his supervised release conditions seriously.

The district court credited the testimony of the witnesses and found Wasielak guilty of the charged violations. Wasielak's counsel informed the district court that Wasielak had discussed trying to postpone the sentencing to see if he could come up with the money to pay his restitution and keep from being sent back to prison. The government responded that it had first heard Wasielak's suggestion that he pay the restitution an hour prior to the hearing.

In determining an appropriate sentence, the district court stated that "the

4

marijuana offense coming so soon after his release warrants a substantial sentence." The district court also noted Wasielak's unwillingness to work within the supervision system, as evidenced by his failure to report his arrest to his probation officer and his failure to work. The district court observed that Wasielak had mental health issues that needed to be addressed, and stated that it would recommend to the Bureau of Prisons that Wasielak be sent to a facility with the capacity to address those issues. The district court also stated that it had considered the 18 U.S.C. § 3553(a) factors and sentenced Wasielak to 18 months' imprisonment and 18 months' supervised release.

After the district court imposed the sentence, Wasielak's counsel asked the court not to impose supervised release because his "response to supervision has always been difficult . . . ." The district court nevertheless decided that it would impose the 18-month supervision period and that "[p]art of the reason is he's got a restitution obligation, and supervision is the primary way that that tends to be enforced." The district court acknowledged that Wasielak had been difficult to supervise, but expressed hope that Wasielak would cooperate after serving his sentence and receiving mental health treatment, as follows:

> He's been difficult to supervise and he may be again. And you may be right, that it's a losing proposition, he winds up back in court. I hope that's not true. I hope he gets some mental health treatment and that he buys into the supervision system. I certainly haven't given

up on Mr. Wasielak. I hope he hasn't given up on himself, and I hope that the – you know, the probation department provides some good assistance, and I hope they'll do it and that Mr. Wasielak will accept it and this time it will work out.

Wasielak asserted, through counsel, that he would rather get two years' imprisonment than return to supervised release. Wasielak himself then stated, "Even the maximum there is. I'm not going on supervised release." When the district court asked Wasielak to comply with the terms, Wasielak stated, "I'm not. I'll be back in your courtroom again."

## II. DISCUSSION

On appeal, Wasielak does not challenge the revocation of his supervised release or even the reasonableness of his 18-month prison sentence. Rather, Wasielak challenges the reasonableness of the district court's decision to impose a new term of supervised release.

Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and require the defendant to serve prison time instead of supervised release after considering certain factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3); see also United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). A district court also may include a requirement that the defendant be placed on a term of supervised release, so long

6

as the term does not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less the term of imprisonment imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).[1]

We review sentences imposed for violation of supervised release for reasonableness. Sweeting, 437 F.3d at 1107. "In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).[2] Our evaluation also must be made with regard to the reasons for the sentence, as stated by the district court. United States v. Williams, 456 F.3d 1353, 1361 (11th Cir. 2006).

Here, the district court's imposition of an 18-month term of supervised release was reasonable. The district court stated that it had considered the

---

[1]Wasielak's 18 U.S.C. § 371 offense carried a maximum term of three years' supervised release. 18 U.S.C. § 3583(b)(2). Upon revocation, Wasielak was sentenced to 18 months' imprisonment, leaving 18 months for supervised release. See 18 U.S.C. § 3583(h). Wasielak does not contend that his second 18-month supervised release term exceeded the allowable term of supervised release.

[2]Section 3583(c) requires the district court to consider some of the § 3553(a) factors in imposing an initial term of supervised release and § 3583(e) requires the district court to consider some of the § 3553(a) factors in revoking a term of supervised release and imposing a prison term. However, § 3583(h), which authorizes the district court to impose a second term of supervised release following revocation, does not mention the § 3553(a) factors. Because the parties agree in their briefs that the district court must consider the § 3553(a) factors in deciding whether to impose a second term of supervised release following revocation, we assume, without deciding, that the district court must do so.

§ 3553(a) factors in determining an appropriate sentence and specifically mentioned that enforcing restitution was <u>part</u> of the reason for imposing a term of supervised release. <u>See</u> 18 U.S.C. § 3553(a)(7) (listing as a factor to consider the need to provide restitution to victims).

Wasielak emphasizes that the need to ensure restitution was the only reason given by the district court for the term of supervised release.[3] However, in fashioning a sentence, the district court need not consider each § 3553(a) factor explicitly, <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005), and "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a)" will suffice. <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005).

Here, the district court listened to Wasielak's concerns regarding the imposition of supervised release and indicated that it believed that Wasielak could succeed with supervised release after he received mental health treatment and assistance from the probation office. This exchange reflects that, in deciding whether to impose a term of supervised release, the district court also considered

---

[3]Wasielak also stresses that his ability to pay restitution was not in issue during the hearing. Although a failure to pay restitution was not the basis for Wasielak's revocation of supervised release, we do not agree that restitution was not relevant when the district court fashioned a sentence following revocation. Evidence was presented at the hearing that Wasielak had difficulty maintaining employment. Furthermore, Wasielak clearly still owed restitution, given that he had considered trying to postpone sentencing to see if he could come up with the money to pay it.

Wasielak's history and characteristics and the need for his sentence to provide effective correctional treatment.  See 18 U.S.C. § 3553(a)(1), (a)(2)(D).

Wasielak's argument that it was unreasonable to place him on supervised release because he will not conform to the terms of that release is without merit.  In light of Wasielak's rapid return to criminal behavior following his release from incarceration, an additional term of supervised release after incarceration and mental health treatment is reasonable.  See Johnson v. United States, 529 U.S. 694, 708-09, 120 S. Ct. 1795, 1805 (2000) (stating that "[t]he congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty").  As this Court has noted, "[d]efendants who violate the conditions of their supervised release are the defendants most in need of more supervised release."  United States v. Gresham, 325 F.3d 1262, 1268 (11th Cir. 2003).  The district court properly considered supervised release as a way to facilitate Wasielak's rehabilitation and successful transition back into society.

Based on the record in this case, we cannot say that Wasielak's 18-month term of supervised release is unreasonable.

**AFFIRMED.**