# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

Lyle W. Cayce
Clerk

No. 12-50078
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABDON JOE VIGIL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-259-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Abdon Joe Vigil pleaded guilty to one count of possession with intent to distribute five grams or more of actual methamphetamine (Count One) and to one count of possession of a firearm in connection with a drug trafficking crime (Count Two). He was sentenced to a 151-month term of imprisonment on Count One and to a consecutive 60-month term of imprisonment on Count Two, as well as to a five-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vigil appeals his sentence. He contends that the district court clearly erred in attributing 113.4 grams of methamphetamine to him as relevant conduct. He asserts that there was a lack of reliable evidence to support the district court's drug quantity determination.

A district court's determination of drug quantity is a factual finding reviewed for clear error. *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). We will affirm such a finding if it is plausible in light of the record as a whole. *See id.* The district court may consider any relevant evidence at sentencing "without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *United States v. Rogers*, 1 F.3d 341, 343 (5th Cir. 1993) (quoting U.S.S.G. § 6A1.3). Facts used for sentencing purposes should be "reasonably reliable." *United States v. Shacklett*, 921 F.2d 580, 585 (5th Cir. 1991).

At sentencing, a law enforcement officer testified as to Vigil's voluntary post-arrest statement. Vigil, who was in possession of approximately 17 grams of actual methamphetamine when he was arrested, admitted to the officer that a person known as Milkweed had fronted a quarter pound of methamphetamine (113.4 grams) to him and that he had been selling methamphetamine for three or four weeks prior to his arrest. The officer recalled that Vigil spoke coherently and did not appeal to be under the influence of methamphetamine.

Vigil, who also testified at sentencing, denied making such an admission. He averred that he was high on methamphetamine at the time of his arrest and that he had not slept in several days.

The district court determined that the law enforcement officer's testimony regarding the post-arrest statement was credible and accurate, and it credited the officer's testimony. "District courts enjoy wide discretion in determining which evidence to consider and to credit for sentencing purposes." *United States v. Cantu-Ramirez*, 669 F.3d 619, 628 (5th Cir.), *cert. denied*, 132 S. Ct. 2759

(2012). This court defers to the district court's superior position in making credibility determinations. *United States v. Perez*, 217 F.3d 323, 331-32 (5th Cir. 2000). Vigil's contention that his admission was unreliable because he was under the influence of methamphetamine when he made the statement in question is unavailing given the district court's determination that he had given a detailed, rational post-arrest statement. *See Cantu-Ramirez*, 669 F.3d at 628. The district court's drug quantity determination is plausible in light of the record as a whole; therefore, it is not clearly erroneous. *See Davis*, 76 F.3d at 84.

AFFIRMED.