UNITED STATES of America,
Plaintiff–Appellee

v.

Mark CASTILLO, Defendant–
Appellant.

No. 13–50245.

United States Court of Appeals,
Fifth Circuit.

June 24, 2014.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Joseph H. Gay, Jr., Assistant U.S. Attorney, Angela Sandoval Raba, Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Jacques Lawrence De La Mota, De La Mota & Company, Limited, Del Rio, TX, for Defendant–Appellant.

Before SMITH, WIENER and PRADO, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Mark Castillo appeals the district court's judgment imposing an additional three-year term of supervised release as part of his sentence for violating terms of a prior supervised release. We AFFIRM.

## I. FACTS AND PROCEEDINGS

In 2008, Castillo pleaded guilty to one count of importing less than five grams of cocaine base from Mexico, in violation of 21 U.S.C. § 960(a)(1), (b)(3). While awaiting sentencing, Castillo's pre-trial release was revoked after he (1) submitted a urine sample that tested positive for cocaine, and (2) admitted that he had used cocaine twice while on pre-trial release. The district court sentenced him to 21 months of imprisonment, followed by a three-year term of supervised release. A special condition of this supervised release required him to "abstain from the use of alcohol and/or other intoxicants during the term of supervision."

Castillo completed that prison sentence in 2011 and began his term of supervised release. A short while later, his supervised release was revoked because (1) while extremely intoxicated, he was arrested for refusing to pay for drinks he had ordered at a restaurant, and (2) he had used cocaine. The court sentenced Castillo to nine months of imprisonment, to be followed by a second three-year term of supervised release. Castillo was released from prison and began supervised release in July 2012.

A few months later, Castillo was arrested and later convicted for being intoxicated in public. The government again filed a petition to have Castillo's supervised release revoked, and the district court ruled that he had yet again violated the applicable conditions. After considering the Chapter 7 policy statements of the Guidelines Manual, the court determined that the recommended three-to-nine months term of imprisonment was inadequate because Castillo's previous imprisonments had not deterred him from engaging in further criminal conduct. The court sentenced Castillo to 12 months of imprisonment, but imposed no term of supervised release. When the sentencing judge informed Castillo that he was "lucky" she was not imposing another term of supervised release, however, he "smirk[ed]," prompting the court to revise Castillo's sentence to in-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clude a three-year term of supervised release. Castillo claims on appeal that this was error and seeks to have the term of supervised release vacated.

## II. ANALYSIS

### A. Standard of Review

We review revocation sentences under a "plainly unreasonable standard."[1] Under this standard, "we evaluate whether the district court procedurally erred before we consider 'the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'"[2]

### B. Merits

Castillo contends that the district court erred because "the record clearly establishes that [his impertinent facial expression] was the sole factor which impelled the Court to change course and impose yet another term of supervised release." He maintains that the "imposition of a sentence following revocation of supervised release is subject to the strictures of 18 U.S.C. § 3583(c), which sets forth the [18 U.S.C. § 3553(a)] factors to be considered when sentencing a defendant to a term of supervised release." Castillo argues that, as "none of the [§ 3553(a)] factors . . . can be construed to countenance a sentence

based solely on the behavior of the defendant while standing before the bench at sentencing," the court failed to weigh the relevant factors. In essence, Castillo is asserting that the district court committed procedural error in imposing an additional term of supervised release simply because he "smirk[ed]."

When, under § 3583(c), the sentencing court is determining whether to *impose* a term of supervised release, it is required to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."[3] Likewise, when determining whether to *revoke* a term of supervised release pursuant to 18 U.S.C. § 3583(e), the court is required to consider the same § 3553(a) factors.[4] Finally, the sentencing court has statutory authority to impose a *further term* of supervised release when it revokes supervised release under 18 U.S.C. § 3583(h). Unlike § 3583(c) or (e), however, that subsection does not expressly refer to the § 3553(a) factors.

We have not previously considered whether § 3583(h)—like § 3583(c) and (e)—requires a district court to weigh the enumerated subset of § 3553(a) factors[5] when determining whether to impose an additional term of supervised release fol-

---

1. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.2011).

2. *Id.* at 843 (quoting *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir.2008)). The government argues that our review should be for plain error only because, it contends, Castillo did not make a sufficient objection at the revocation hearing. We need not determine whether Castillo preserved this error for appeal because we find that his argument fails even under the plainly unreasonable standard, a less difficult standard for him to satisfy.

3. 18 U.S.C. § 3583(c). These enumerated § 3553(a) factors are, respectively: (1) the

nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) deterrence of criminal conduct; (4) protection of the public; (5) the provision of education, training, medical care, or other correctional treatment; (6) the guidelines sentence range and applicable policy statements; (7) the avoidance of unwarranted sentence disparities; and (8) providing restitution to victims.

4. 18 U.S.C. § 3583(e); *Miller*, 634 F.3d at 844.

5. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) & (a)(7).

lowing revocation.[6] We need not answer that question today, however: Assuming *arguendo* that § 3583(h) does mandate consideration of those § 3553(a) factors, we are satisfied the district court appropriately assessed them when it revised Castillo's sentence to include an additional three-year term of supervised release.

When, after revoking Castillo's supervised release, the sentencing judge imposed a 12–month sentence of imprisonment, she stated that, in light of his criminal history and recidivism, the recommended range was inadequate. This confirms that the court properly considered §§ 3553(a)(1) and 3553(a)(2)(B), two of the relevant factors. Next, when she informed Castillo that she would not impose a further term of supervised release, his "smirk" in response convinced her that he had not "learn[ed] to comply." The judge further explained that Castillo was "old enough to know better" and that the original 12–month sentence she had imposed would therefore not be adequate to serve the intended deterrent effect unless it were coupled with a subsequent term of supervised release. This explanation satisfies us that the court properly reevaluated its sentence in light of § 3553(a)(2)(B) and ultimately imposed one that met the goals of § 3553(a).[7]

We conclude that the district court did not commit procedural error when it considered Castillo's demeanor in weighing the § 3553(a) factors. Castillo asserts that a district judge's "reading of a particular defendant's demeanor ... is inherently speculative." We disagree: A district court has "wide discretion in determining which evidence to consider and to credit for sentencing purposes."[8] We rightly defer on matters that a cold record cannot reflect, recognizing that the sentencing court is in the unique position of hearing the testimony and observing the demeanor firsthand, and determining the credibility of a testifying witness, including that of the defendant who is being sentenced. We "will not disturb a district court's credibility determination made at sentencing."[9]

As Castillo has not claimed that his within-policy statement term of supervised release is otherwise substantively unreasonable, the judgment of the district court is AFFIRMED.

---

**6.** We note that the Eleventh Circuit has assumed, without deciding, that a district court must do so. *See United States v. Wasielak*, 253 Fed.Appx. 822, 825 n. 2 (11th Cir.2007) (unpublished) ("Because the parties agree in their briefs that the district court must consider the § 3553(a) factors in deciding whether to impose a *second* term of supervised release following revocation [under § 3583(h)], we assume, without deciding, that the district court must do so.").

**7.** We do not require a district court to state explicitly the reasons for selecting a sentence following revocation of a prior sentence. *See United States v. Sanchez–Valle*, 2014 WL 494810, at *2 (5th Cir. Feb.7, 2014).

**8.** *United States v. Cantu–Ramirez*, 669 F.3d 619, 628 (5th Cir.), *cert. denied*, —— U.S. ——, 132 S.Ct. 2759, 183 L.Ed.2d 628 and —— U.S. ——, 133 S.Ct. 247, 184 L.Ed.2d 131 (2012) (citing *United States v. Cooper*, 274 F.3d 230, 240 (5th Cir.2001)).

**9.** *United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir.2010); *see also United States v. Vigil*, 504 F. App'x 303, 304 (5th Cir.2012) ("This court defers to the district court's superior position in making credibility determinations.").