[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11460

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TANEILIAN MCARTHUR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:19-cr-00142-WKW-SMD-1

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Taneilian McArthur appeals his twelve-month term of supervised release, which was imposed upon the revocation of his previous period of supervised release, and will be served after he serves a new ten-month term of imprisonment. Mr. McArthur argues that the district court abused its discretion when it imposed a new period of release because he is not amenable to supervision by the probation office.

## I

Mr. McArthur pled guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). On August 11, 2021, he was sentenced to time served—30 months and 6 days—to be followed by three years of supervised release, which was the maximum term of supervised release that the district court could have imposed. *See* 18 U.S.C. § 3583(b)(2).

Less than a year later, on July 21, 2022, Mr. McArthur's probation officer directed him to report to the probation office on July 26, 2022, but he failed to do so. [The probation officer then called Mr. McArthur, and he reacted with threatening and belligerent language. Later that day, Mr. McArthur was arrested and charged with disorderly conduct—according to Mr. McArthur's brief, for

23-11460                Opinion of the Court                3

yelling and cursing at a delivery driver, removing his pants, and attempting to defecate on the sidewalk.  Appellant's Br. at 2.[1]

At his revocation hearing, the district court determined that he violated the terms of his release.  Mr. McArthur requested that no supervised release follow his incarceration, noting that he had already served a year of supervised release.  The government acknowledged that Mr. McArthur's problems in complying with the conditions of his supervised release stemmed from mental illness and drug use but nevertheless raised concerns that Mr. McArthur posed a danger to the public given his history of firearm offenses.  The government suggested that regular check-ins with probation were required to effectively protect the community.

The district court calculated the guideline range for revocation to be five to eleven months, based a criminal history of category III and a Grade C violation.  The district court sentenced Mr. McArthur to ten months in custody followed by twelve months of supervised release.

## II

We review the sentence imposed upon the revocation of supervised release for reasonableness.  *See United States v. Sweeting*, 437 F.3d 1105, 1106-1107 (11th Cir. 2006).  And we review the reasonableness of a sentence for abuse of discretion using a two-step

---

[1] These details are not in the record, but are purportedly contained in Government Exhibit 2, which was introduced at the revocation hearing.  *See* D.E. 256 at 7-8.

process. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We first determine "whether the district court committed any significant procedural error" and then "whether the sentence is substantively unreasonable under the totality of the circumstances." *Id*. The party challenging the sentence has the burden to show that it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *Id*.

Mr. McArthur does not argue that the district court procedurally erred. He instead argues that the district court abused its discretion in imposing a twelve-month period of supervised release because he is not amenable to supervision by the probation office due to his mental health issues.

When determining the substantive reasonableness of a sentence, we consider the totality of the facts and circumstances as well as the § 3553(a) factors. We will vacate a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (citing *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc)). We "ordinarily expect a sentence within the [sentencing] Guidelines range to be reasonable." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The district court sentenced Mr. McArthur to a term of imprisonment within the advisory guideline range. It stated that it

had considered all of the § 3553(a) factors, including the need to protect the public, the criminal history of Mr. McArthur, the need to promote respect for the law, and avoid unwarranted sentencing disparities. *See* D.E. 256 at 38-39. It expressed concern that Mr. McArthur had "been caught with guns six times," that he had "fired shots three times," and that he had "shot somebody twice." D.E. 256 at 28. It also noted that Mr. McArthur had "exposed [himself] nine times in . . . five different locations in the last [thirteen] years" and that he had "mental health evaluations in 2008, 2011, 2012 twice, 2014, 2016, twice in 2019, and now in 2023." *Id*. at 29.

The district court seemingly agreed with the government's suggestion that regular check-ins with probation were required to effectively protect the community. *See id*. at 37. Given all of the facts and considerations, it did not abuse its discretion in sentencing Mr. McArthur to a term of supervised release of one year.

We further note that Mr. McArthur's one-year term of supervised release complies with the maximum imposed by 18 U.S.C. § 3583. A district court may impose a new term of supervised release following a term of imprisonment upon the revocation of a defendant's original term of supervised release. *See* 18 U.S.C. § 3583(h). But "the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation." *United States v. Moore*, 22 F.4th 1258, 1265 (11th Cir. 2022). In this case, the maximum allowable supervised release on the underlying firearm offense was three years. *See* 18 U.S.C. § 3583(b)(2).

Mr. McArthur spent ten months in jail, so the maximum term of supervised release that the district court could have imposed is twenty six months.  Mr. McArthur's twelve-month period of supervised release, therefore, was well below the statutory maximum.

Mr. McArthur's argument—that the district court abused its discretion in imposing a one-year period of supervised release because he is not amenable to supervision by the probation office—does not compel us to vacate his sentence.  *See United States v. Gresham*, 325 F.3d 1262, 1268 (11th Cir. 2003) ("Defendants who violate the conditions of their supervised release are the defendants most in need of more supervised release").  *See also United States v. Wasielak*, 253 F. App'x 822, 826 (11th Cir. 2007) (affirming an additional term of supervised release as reasonable despite the defendant's argument that he would not conform to the terms of release).  Although we recognize Mr. McArthur's mental health issues, we cannot say that the district court abused its discretion in imposing another term of supervised release.

### III

We affirm Mr. McArthur's sentence.

**AFFIRMED.**